UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

# 03  11364 REK

| | |
|---|---|
| DAVID LINDHOLM,<br>    Plaintiff | ) |
| | )   Civil Action No: |
| | ) MAGISTRATE JUDGE _____ |
| v. | ) |
| | ) |
| THE UNITED STATES OF AMERICA, | ) |
| JOHN J. CONNOLLY, JR., | ) |
| JOHN M. MORRIS, | ) |
| ROBERT FITZPATRICK, | ) |
| JAMES RING, | ) |
| JAMES GREENLEAF, | ) |
| JAMES AHEARN, | ) |
| STEPHEN J. (The Rifleman) FLEMMI, | ) |
| JAMES J. (Whitey") BULGER, | ) |
| JOHN DOES, Nos. 1-50, | ) |
|     Defendants | ) |

RECEIPT #_____
AMOUNT $_150_
SUMMONS ISSUED _yes_ _10_
LOCAL RULE 4.1____
WAIVER FORM____
MCF ISSUED_____
BY DPTY. CLK._____
DATE._7-18-03____

**COMPLAINT AND JURY DEMAND**

## THE PARTIES

1.    The plaintiff, David Lindholm, is an individual who resides at 4 Fernwood Circle, Harwich, Massachusetts.

2.    The United States of America, is a defendant pursuant to the Federal Tort Claims Act, 28 U.S.C. Section 1346 and 2671 et seq., arising from the intentional and negligent wrongful acts and omissions of employees and agents of the FBI, a federal agency of the United States pursuant to 28 U.S.C. Section 533 and 28 U.S.C. Section 2671 et seq., while such employees and agents were acting within the scope of their office or employment as law enforcement officers of the United States government.

3.    The defendant, John J. Connolly, Jr., ("Connolly"), is a former resident of Lynnfield, Massachusetts. From November 1968 to December, 1990, "Connolly" was a Special Agent of the FBI. From February, 1973 until December, 1990, "Connolly" was

*COLUCCI,*
*COLUCCI &*
*MARCUS, P.C.*
552 Adams Street
Milton, Massachusetts 02186
Telephone: (617) 698-6000
Facsimile: (617) 698-1262

- 1 -

assigned to the FBI in Boston.  He has been convicted of assisting "Bulger" from eluding capture in the case of <u>U.S. vs. Connolly</u>, (Superseding Indictment No. 99-10428-JLT (D. Mass) and sentenced to ten years in Federal custody.  "Connolly" is sued individually and in his (former) official capacity.

4.  The defendant, Stephen J. Flemmi, ("Flemmi"), is an incarcerated individual who resides in federal custody.  In or about September, 1980, "Connolly" officially registered "Flemmi" as a confidential informant with the FBI.  He served in this capacity until his eventual apprehension.  Since that time, "Flemmi" has admitted to extorting an amount of money no less than $250,000 and as much as $800,000 from the plaintiff.  "Flemmi" was facilitated in his extortion of the plaintiff due to the conduct of and in concert with the other defendants named herein.

5.  The defendant, John Morris ("Morris"), is, on information and belief, a resident of Niceville, Florida.  During relevant times alleged in this Complaint, "Morris" was acting within the scope of his office or employment as a Supervisory Special Agent of the FBI.  "Morris" is sued individually and in his (former) official capacity.

6.  The defendant, James J. ("Whitey") Bulger, is a fugitive from justice whose whereabouts currently unknown.  At all times material hereto, "Bulger" was the leader and organizer of a criminal enterprise known as the "Winter Hill Gang" a/k/a the "Bulger Group."  In that capacity, he oversaw a protracted period of unfettered criminal activity such as murder, extortion, drug trafficking, bribery and illegal gambling.  In or around 1975, "Bulger" became a confidential informant for the FBI.  In or around 1976, the Bureau elevated "Bulger" to Top Echelon informant status.

7.  The defendant, Robert Fitzpatrick ("Fitzpatrick"), resides in the State of Rhode Island at a location presently unknown.  During the relevant times alleged in this complaint, "Fitzpatrick" was acting within the scope of his office or employment as a Supervisory Special Agent of the FBI.  "Fitzpatrick" is sued individually and in his (former) official capacity.

8.  The defendant, James Ahearn, ("Ahearn"), resides in a location presently unknown.  During certain times alleged in this Complaint, "Ahearn" was acting within the scope Of his office or employment as a Special Agent of the FBI.  During other relevant times, "Ahearn" was Special Agent in Charge ("SAC") of FBI-Boston.  "Ahearn" is sued individually and in his (former) official capacity.

9.  The defendant, James Greenleaf, ("Greenleaf"), is, on information and belief, a resident of Scarborough, Maine.  During the relevant times alleged in this Complaint, "Greenleaf" was acting within the scope of his office or employment as a Supervisory Special Agent of the FBI.  "Greenleaf" is sued individually and in his (former) official Capacity.

10,  The defendant, James Ring, ("Ring"), is a resident of Boston, Massachusetts.  During

*COLUCCI,*
*COLUCCI &*
*MARCUS, P.C.*
552 Adams Street
Milton, Massachusetts 02186
Telephone: (617) 698-6000
Facsimile: (617) 698-1262

- 2 -

the relevant times alleged in this Complaint, "Ring" was acting within the scope of his office or employment as a Special Agent of the FBI. In or about January, 1983, "Ring" became the supervisory Special Agent of the OC Squad at FBI-Boston. "Ring" is sued individually and in his (former) official capacity.

11.     John Does Nos. 1 through 50 are persons presently unknown to the Plaintiff who violated "Lindholm's" rights as guaranteed by the United States Constitution and/or Massachusetts law and conspired with others to do so and otherwise bear responsibility for the harms complained of herein. The John Does may be private I individuals, state officials or law enforcement officers of one or more states and/or the United States Government who acted in concert with the Federal Defendants, to deny "Lindholm" his respective rights as guaranteed by the United States Constitution and Massachusetts law.

## JURSIDICTION AND VENUE

12.     This case is brought to recover damages from the Federal Defendants for harms caused while those Federal Defendants were acting under color of law of the United States of America, to wit, depriving the Plaintiff of his rights as guaranteed by the United States Constitution. Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

13.     Jurisdiction is grounded upon 28 U.S.C. Section 1331 because this civil action arises under the Constitution of the United States.

14.     This action also seeks recovery of damages under the Federal Tort Claims Act, 28 U.S.C. Section 2671, et seq., ("FTCA"), as the intentional, negligent, or otherwise wrongful acts of omissions of certain employees of the United States, acting within the scope of their office or employment, proximately caused or substantially contributed to the harms complained of herein, all under circumstances where the United States, if a private person, would be liable to the Plaintiff in accordance with the laws of the Commonwealth of Massachusetts.

15.     Jurisdiction is therefore also grounded upon 28 U.S.C. Section 1346 where the Complaint brings claims for relief under the FTCA.

16.     The Plaintiff has satisfied the jurisdictional prerequisites set forth at Section 2675 of the FTCA. Specifically, pursuant to 28 U.S.C. Section 2675 and 28 C.F.R. Section 14.1 et seq.: (i) plaintiff presented Claims for Damage, Injury or Death to the FBI as required; (ii) the FBI has failed to make final disposition of those claims within 6 months of being served therewith; and (iii) the plaintiff elects to deem this claim as having been "finally denied" for purposes of 28 U.S.C. Section 2675.

*COLUCCI,*
*COLUCCI &*
*MARCUS, P.C.*
552 Adams Street
Milton, Massachusetts 02186
Telephone: (617) 698-6000
Facsimile: (617) 698-1262

- 3 -

17.    Jurisdiction is also founded upon 28 U.S.C. Section 1367 because this Court has original jurisdiction over the federal claims set forth herein and all other claims are so related to the claims in this action that they form part of the same "case or controversy" under Article III of the United States Constitution.

18.    Venue is proper in the District of Massachusetts under 28 U.S.C. Section 1391 because a substantial part of the events and omissions giving rise to the claims set forth herein occurred in the District of Massachusetts.

## FACTS

19.    The Federal Bureau of Investigation is a "federal agency" within the meaning of the FTCA. 28 U.S.C. Section 2671. More particularly, the FBI is a federal law enforcement agency statutorily empowered by the United States Congress to investigate, enforce and prosecute violations of the United States Criminal Code. 28 U.S.C. Section 533

20.    The FBI is a constituent agency of the U. S. Department of Justice and is subject to oversight and direction by the Attorney General of the United States. The foregoing enabling statute affirmatively obligates the FBI to "transmit the detection of federal crimes to the Department of Justice" and to "uphold the laws of the United States and prevent the laws from being violated."

21.    Among the offenses that the FBI is empowered to investigate are crimes involving racketeering, 18 U.S.C. Section 1962, et seq.; bribery, 18 U.S.C. Section 1501 et seq.; interference with commerce by threat, 18 U.S.C. Section 1951; tampering with a witness, victim or informant, 18 U.S.C. Section 1512; and retaliating against a witness, victim or informant, 18 U.S.C. Section 1513.

22.    In 1976, former Attorney General of the United States Edward H. Levi, established guidelines relating to the FBI's handling of its informants. Those guidelines were part of a larger effort the Attorney General and others under his direction and control, to establish standards and procedures aimed at putting an end to years of serious abuses involving the use of confidential informants by the FBI.

23.    During relevant times in this Complaint, FBI Director Clarence Kelley admitted that some of these FBI activities had been "clearly wrong and quite indefensible." Director Kelley further declared that the Bureau should never again occupy the "unique position that permitted improper activity without accountability."

24.    On December 15, 1976, Attorney General Levi issued a memorandum to the Director of the FBI that described basic standards and procedures for the FBI's use of informants in Domestic Security, Organized Crime, and other criminal investigations (the "Levi Memorandum"). On January 12, 1977, the Justice

*COLUCCI,*
*COLUCCI &*
*MARCUS, P.C.*

552 Adams Street
Milton, Massachusetts 02186
Telephone: (617) 698-6000
Facsimile: (617) 698-1262

Department incorporated the Levi Memorandum into the FBI "Manual of Instructions" issued to all FBI agents (the "FBI Manual").

25.     The Levi Memorandum mandated that "special care be taken not only to minimize [informants] use but also to ensure that individual rights are not infringed and that the government itself does not become a violator of the law. Informants as such are not employees of the FBI, but the special relationship of an informant to the FBI imposes a special responsibility upon the FBI when the informant engages in activity where he has received, or reasonably thinks he has received encouragement or direction for that activity from the FBI. The Levi Memorandum also mandated that "[t]he FBI may not use informants...for acts...which the FBI could not authorize for its undercover agents."

26      The FBI Manual mandated that "[u]nder no circumstances shall the FBI take any action to conceal a crime by one of its informants." This directive was regularly disregarded concerning "Bulger" and "Flemmi."

27.     Pursuant to the FBI Manual, if the Bureau had reason to believe that one of its informants had violated the law in furtherance of providing assistance to the FBI, the FBI would "ordinarily" promptly inform the appropriate law enforcement or similar authority, and the FBI would then decide whether the continued use of the informant was justified.

28.     If there were exceptional circumstances that caused the FBI to believe that such notification was "inadvisable", the FBI was nonetheless duty bound under the Levi Memorandum to inform the Department of Justice of these facts and circumstances. The Department of Justice would then decide whether law enforcement or prosecutive authorities should be notified and whether the FBI should continue to use the informant. The Agency routinely disregarded this directive concerning "Flemmi" and "Bulger."

29.     In 1981, the Department of Justice revised the Guidelines to clarify the rules governing situations where there was a perceived need of FBI informants to engage in criminal activities in order to obtain important information. Under these Guidelines, "ordinary criminal activity" was to be authorized by an FBI field office supervisor or higher FBI official. "Extraordinary criminal activity," including conduct involving a "significant risk of violence," was to be authorized only upon notice to and approval by the Special Agent in Charge of the Field Office (the "SAC") and the United States Attorney. The Bureau likewise repeatedly disregarded this directive in its handling of "Bulger" and "Flemmi."

30.     The revised Guidelines also required FBI agents to document all contact with informants on an FBI Form 209. Again, the Bureau regularly disregarded this directive as concerned "Bulger" and "Flemmi."

*COLUCCI,*
*COLUCCI &*
*MARCUS, P.C.*
552 Adams Street
Milton, Massachusetts 02186
Telephone: (617) 698-6000
Facsimile: (617) 698-1262

- 5 -

31.     "Flemmi" was recruited by FBI Special Agent H. Paul Rico ("Rico") for development as a Top Echelon informant. This is the highest status a source can achieve in the FBI. Rico promised "Flemmi" that if he served as an FBI informant, the Bureau would protect him from prosecution.

32.     "Flemmi" agreed with this proposal and became an informant for the FBI. Notwithstanding this fact, "Rico" failed to record information provided to him by "Flemmi" on FBI Form 209 as required by the Bureau.

33.     As the FBI's relationship with "Flemmi" progressed, several FBI agents, including, but not limited to the named defendants in this Complaint, placed false statements and information in "Flemmi's" informant file in order to divert attention from his criminal enterprises.

34.     On February 8, 1967, "Flemmi" was designated as a Top Echelon informant.

35.     When designating "Flemmi" as a Top Echelon informant, "Rico" wrote, with regard to "Flemmi's" past activities, that he had been "engaged in bookmaking, shylocking, robberies and a suspect of possibly being involved in gangland slayings."

36.     "Rico's" suspicions that "Flemmi" was a murderer did not deter him and the FBI from making "Flemmi" a Top Echelon informant.

37.     In addition to promising "protection," "Rico" told "Flemmi" in various ways, that he would not be prosecuted for crimes he committed while serving as an informant. "Rico" caused "Flemmi" to understand that the FBI would overlook "Flemmi's" criminal activity as long as he was providing valuable information.

38.     "Flemmi" has now been convicted of, inter alia, extortion. Moreover, he currently faces murder charges in Oklahoma and Florida. He has also been implicated in the murders of Debra Davis, Thomas King, John McIntyre, Arthur Barrett, Deborah Hussey, Richard Castucci and others.

39.     "Flemmi" was previously advised by "Rico" that an indictment had been returned naming "Flemmi" in a case of attempted murder of Attorney John Fitzgerald. "Rico" advised "Flemmi" to flee which "Flemmi" promptly did. Notwithstanding the fact that the FBI was allegedly searching for "Flemmi", "Rico" stayed in contact with "Flemmi" while the latter was a fugitive from justice. Despite the FBI requirement that all contacts with informants be recorded, "Rico" refused to record his conversations with "Flemmi" while "Flemmi" was a fugitive.

*COLUCCI,*
*COLUCCI &*
*MARCUS, P.C.*
552 Adams Street
Milton, Massachusetts 02186
Telephone: (617) 698-6000
Facsimile: (617) 698-1262

- 6 -

40.     Some time subsequent, "Flemmi" contacted "Rico." "Rico" assured "Flemmi" that the latter should return to Boston, that bail would be instituted and further promised that all charges against "Flemmi" would ultimately be dropped. As arranged by "Rico", on May 6, 1974, "Flemmi" returned to Boston and met in Park Square with two detectives. Despite the fact that for five years "Flemmi" had been a fugitive from justice, the Middlesex and Suffolk Superior Courts promptly released "Flemmi" on bail. The federal flight charges were dismissed that same day.

41.     The attempted murder charges against "Flemmi" in the matter concerning the attempt on the life of Attorney Fitzgerald were subsequently dismissed and on November 13, 1974, additional murder charges against "Flemmi" were also dismissed.

42.     The FBI had begun developing "Bulger" as an informant in the 1970's.

43.     In 1972, "Morris" was transferred to FBI-Boston and assigned to the OC Squad. In or about 1974, "Connolly" was also transferred to FBI-Boston and assigned to the OC Squad.

44.     At all times material hereto, "Connolly" knew that "Bulger" was the leader of the "Winter Hill Gang" and was engaged in criminal activity. Nonetheless, on September 30, 1975, "Bulger" became a source for "Connolly" and the FBI-Boston administratively designated "Bulger" as an FBI informant.

45.     At the time that "Connolly" sought "Bulger's" cooperation as an informant, the FBI knew that "Bulger" was deeply involved in violent gang war, was extorting money from bookmakers, and was widely regarded and known as being brutally violent.

46.     "Bulger" was upgraded to Top Echelon status on or about February 4, 1976. Conversely, "Connolly" officially re-registered "Flemmi" as a confidential informant for the FBI in September of 1980. At all times material hereto, "Connolly" was the FBI agent contact ("handler") assigned to receive information from "Bulger" and "Flemmi."

47.     Special Agents of the FBI working out of the Boston office, including "Connolly", "Morris", "Fitzpatrick", "Ring", "Greenleaf", and "Ahearn", knew that despite their informant status with the FBI, "Bulger" and "Flemmi" were still engaged in serious criminal wrongdoing throughout relevant times in this Complaint.

48.     At all times relevant to this Complaint, agents of the FBI, in order to protect "Bulger" and "Flemmi" from prosecution, and to further their

COLUCCI,
COLUCCI &
MARCUS, P.C.
552 Adams Street
Milton, Massachusetts 02186
Telephone: (617) 698-6000
Facsimile: (617) 698-1262

- 7 -

criminal endeavors, knowingly falsified official FBI documents regarding "Bulger's" and "Flemmi's" ongoing criminal acts, including crimes of violence, extortion, loan sharking and illegal gambling.

49.     At all times material hereto, agents of the FBI, in order to protect "Bulger" and "Flemmi", failed to properly index information concerning the criminal activities of "Bulger" and "Flemmi" and place that information in the investigative files referencing their names.

50.     At all times material hereto, agents of the FBI, including "Connolly" and "Morris" advised "Bulger" and "Flemmi" as to the identity of individuals who were providing criminal information against "Bulger" and "Flemmi." As such, agents of the FBI, including, but not limited to, "Connolly" and "Morris" knew or had reasonable opportunity to know that these individuals who were providing this adverse information regarding "Bulger" and/or "Flemmi" were murdered.

51.     On occasion, "Bulger" and "Flemmi" were invited to dine periodically with FBI agents including, but not limited to, "Connolly" "Ring" and "Morris." These dinners were arranged to celebrate milestones in the FBI's relationship with "Bulger" and "Flemmi." At these dinners, the agents exchanged gifts with both "Bulger" and "Flemmi."

52.     After retiring from the FBI, "Connolly" used the information he gained from the FBI to alert and apprise "Bulger" and "Flemmi" of law enforcement investigations into their criminal activity.

53.     Much of the FBI's conduct in facilitating the criminal activity of "Bulger", "Flemmi" and the "Winter Hill Gang" occurred prior to the extortion of "Lindholm." As such, by the early 1980's, agents of the FBI, including, but not limited to, "Connolly", "Ring", "Morris", "Fitzpatrick" and others either knew or should have known about "Bulger" and "Flemmi's" propensity for violence, murder and extortion.

54.     Agents of the FBI routinely protected "Bulger" and "Flemmi" by furnishing them with information that might help them avoid arrest and prosecution. Moreover, agents of the FBI, including, but not limited to "Connolly" and "Morris" received gifts from both "Flemmi" and "Bulger."

55.     FBI agents including, but not limited to, "Morris", "Ring", "Greenleaf", "Ahearn", "Fitzpatrick" and "Connolly" routinely ignored and failed to apply FBI Guidelines as they pertained to "Bulger" and "Flemmi."

56.     FBI headquarters in Washington, D.C., failed to effectively supervise the

COLUCCI,
COLUCCI &
MARCUS, P.C.

552 Adams Street
Milton, Massachusetts 02186
Telephone: (617) 698-6000
Facsimile: (617) 698-1262

- 8 -

implementation of the aforesaid Guidelines.

57.     During "Ring" and "Connolly's" tenure at the FBI, "Flemmi" was never indicted for his role in numerous murders including the murder of businessman Roger Wheeler.

58.     Numerous FBI agents, including, but not limited to, "Connolly" and "Ring" met with "Bulger" and "Flemmi" for dinner.  While "Ring" did not like the way "Connolly" interacted with "Bulger" and "Flemmi" (more like friends than informants), "Ring" did not discipline "Connolly" or alter "Connolly's" relationship with either "Bulger" or "Flemmi."

59.     In 1983 and 1984, "Ring" knew that "Bulger" and "Flemmi" were engaged in "a host of criminal activities."  After rejecting "Morris'" recommendation to close them as informants, "Bulger" and "Flemmi" continued their history of violent criminal conduct including, but not limited to, the murders of Arthur "Bucky" Barrett and John McIntyre, as well as the extortion of "Lindholm."

60.     Neither "Ring" nor any other FBI agent provided FBI headquarters updated information on the criminal activity of "Bulger" or "Flemmi."

61.     Upon information and belief, in the years prior to the "Lindholm" extortion, "Bulger" and "Flemmi" separately and jointly committed nearly two dozen murders and countless other violent criminal acts, all in the Greater Boston area and under the protection of the FBI-Boston. This served to embolden the "Winter Hill Gang" to commit additional criminal acts in the future.

62.     Among its wrongful actions and omissions, the Federal Defendants affirmatively misrepresented and otherwise purposely concealed from "Lindholm" over the years, those (wrongful and thus non-privileged) facts and circumstances underlying and surrounding the foregoing illicit ("special") relationship between the FBI-Boston and "Bulger" and "Flemmi."  The facts and circumstances so concealed and only more recently wrested from the FBI, form the basis of the instant claims for legal damages and equitable relief.

## THE EXTORTION OF DAVID LINDHOLM

63.     In or around July, 1983, "Lindholm" was met by several acquaintances who, unbeknownst to "Lindholm", were members of the "Winter Hill Gang."  Under false pretense, "Lindholm" was taken to a room upstairs from a business known as the Mancini Club in Boston,

*COLUCCI,*
*COLUCCI &*
*MARCUS, P.C.*
552 Adams Street
Milton, Massachusetts 02186
Telephone: (617) 698-6000
Facsimile: (617) 698-1262

- 9 -

Massachusetts. Once there, he was seated at a round table and confronted by "Bulger", "Flemmi" and other members of the "Winter Hill Gang."

64.     At that time, "Lindholm" observed numerous guns, two equipped with silencers, in the possession of "Bulger", "Flemmi", and other members of the "Winter Hill Gang" then present.

65.     "Bulger" told "Lindholm" that the latter was expected to begin making regular payments to "Bulger" and/or "Flemmi." To emphasize this point, "Bulger" took one of the aforesaid guns and placed it to "Lindholm's" head and threatened to kill "Lindholm" if he refused.

66.     "Bulger" demanded that "Lindholm" tender One Million Dollars in staged payments. When "Lindholm" denied his ability to accede to "Bulger's" demands, "Bulger" fired one shot past "Lindholm's" head striking the wall behind him. "Bulger" then popped the cylinder of the gun open and struck the butt end of the handgun on the table. One spent shell casing and five bullets rolled out of the gun's cylinder.

67.     "Bulger" then placed a single bullet in the gun's cylinder, randomly spun the cylinder and snapped it closed. He then placed the gun to "Lindholm's" head and, without a moment's hesitation, pulled the trigger. The gun did not discharge. "Lindholm" agreed to pay "Bulger" and "Flemmi."

68.     From 1983 to January of 1991, "Lindholm" was forced to make payments to "Bulger" and/or "Flemmi."

69.     When "Lindholm" could no longer comply with the defendants' demands for money, he requested that his elderly mother, Mary Lindholm, mortgage two pieces of real property. This included a condominium located at 255 Beacon Street in Boston, Massachusetts and a piece of real property located at 174 Brush Hill Road, Milton, Massachusetts, in order to tender payment to the aforesaid defendants. In fear for her son's safety, Mary Lindholm, dutifully complied. The proceeds of these mortgages were turned over to "Bulger" and "Flemmi."

70.     Notwithstanding "Lindholm's" compliance, the aforesaid defendants continued to illegally threaten the plaintiff with bodily harm and death if regular payments did not continue.

71.     Due to financial distress caused by the defendants' conduct, the

COLUCCI,
COLUCCI &
MARCUS, P.C.
552 Adams Street
Milton, Massachusetts 02186
Telephone: (617) 698-6000
Facsimile: (617) 698-1262

plaintiff's elderly mother, Mary Lindholm, sold her condominium located at 255 Beacon Street, Boston, Massachusetts to a family friend, Jeffrey Largey, for consideration of $1 on June 22, 1990. Moreover, Mary Lindholm lost her property located at 174 Brush Hill Road, Milton, Massachusetts to foreclosure.

72.  At all times material hereto, Jeffrey Largey, was likewise aware of the defendants' ongoing illegal conduct. As a result of the financial distress brought about by the aforesaid defendants, Jeffrey Largey encumbered the subject property with a mortgage totaling $165,000 from Midland Mortgage Corporation. The proceeds from this mortgage were tendered by Jeffrey Largey, to satisfy the outstanding mortgages obtained by Mary Lindholm in response to the defendants' illegal conduct.

73.  Jeffrey Largey soon fell behind in making mortgage payments and the condominium at 255 Beacon Street, Boston, Massachusetts was foreclosed upon by Midland Mortgage Corporation's successor in interest, Centrust Mortgage Corp. Centrust Mortgage Corp. in turn sold the subject property to Federal National Mortgage Association.

74.  On June 30, 1992, "Flemmi" as Trustee of SMS Realty Trust, purchased Mary Lindholm's property located at 255 Beacon Street, Boston, Massachusetts, for the sum of $110,000. On numerous prefatory occasions, the defendants "Flemmi" and "Bulger", had visited the subject property and was at all times aware of the plaintiff's financial distress in relation to the aforesaid property and owing to their extortion.

75.  On June 30, 1992, "Flemmi" resigned as Trustee of the SMS Realty Trust and appointed his natural born son, Stephen J. Hussey, as his successor.

76.  On or about December 29, 1993, Stephen J. Hussey, as Trustee of the SMS Realty Trust, transferred title of the aforesaid property to Stephen J. Hussey, as Trustee of Weymouth Two Realty Trust.

77.  On or about July 13, 1995, Stephen J. Hussey, as Trustee of Weymouth Two Realty Trust transferred title of the subject property to Stephen J. Hussey, Individually for consideration of a single dollar.

78.  Upon information and belief, Stephen J. Hussey has recently sold the aforesaid condominium at an enormous profit thereby enriching himself at the expense of the plaintiff and his elderly mother.

COLUCCI,
COLUCCI &
MARCUS, P.C.
552 Adams Street
Milton, Massachusetts 02186
Telephone: (617) 698-6000
Facsimile: (617) 698-1262

- 11 -

79.    The aforesaid condominium was not obtained by either "Flemmi" or his son by bona fide means. Rather, the defendants' protracted extortion facilitated the property's foreclosure and the purchase of the aforesaid property by "Flemmi."

80.    "Lindholm" was caused to suffer emotional distress and financial hardship as a result of the defendants' conduct.

81.    The defendants conspired in employing fraud in obtaining money and property from the plaintiff and laundering money through, inter alia, a succession of Realty Trusts. As such and upon information and belief, Stephen Hussey, was an un-indicted co-conspirator in the prosecution of the defendant, "Flemmi." Moreover, Stephen Hussey was eventually convicted of two counts of perjury and one count of obstruction of justice in connection with the aforesaid criminal prosecution of his father, "Flemmi."

82.    The defendants illegally and improperly converted property belonging to the plaintiff and his family.

83.    At various times, the defendants, "Flemmi" and "Bulger", improperly denied the plaintiff, David Lindholm's personal liberty for purposes of intimidating and extorting him.                                                    .

84.    The defendants improperly conspired together and carried out a scheme by a series of connected acts to deprive the plaintiff and his family of their property, money and possessions and convert same to their own use.

85.    As part of a plea-bargain in a Federal Court prosecution, the defendant, "Flemmi", has admitted to extorting the "Lindholm" for an amount not less than $250,000 and not more than $800,000.
"Flemmi" successfully extorted money from "Lindholm" with the aid, knowledge, assistance and protection of the FBI and its agents both specifically named in this Complaint as well as others presently unknown.

<u>CLAIMS FOR RELIEF</u>

(These Causes of Action Specifically Incorporate by Reference All of Those Paragraphs Previously Set Forth.)

FIRST CAUSE OF ACTION

86.    "Lindholm" realleges paragraphs one through eighty-six of this

COLUCCI,
COLUCCI &
MARCUS, P.C.
552 Adams Street
Milton, Massachusetts 02186
Telephone: (617) 698-6000
Facsimile: (617) 698-1262

Complaint and incorporate them by reference as if fully set forth herein.

87.     From approximately 1969 and continuing up to and through 1984, in the District of Massachusetts and elsewhere, Defendants "Connolly" "Morris" and "Fitzpatrick" while acting under color of federal law and within the course and/or scope of their office or employment as federal agents with the FBI, an agency of the defendant, United States of America, together with the Defendants "Bulger" and "Flemmi", combined conspired, confederated and agreed to unlawfully protect "Bulger" and "Flemmi" from investigation, arrest and prosecution for their criminal activities, in exchange for "Bulger" and "Flemmi's" assistance in providing information to the FBI about the criminal activity of Boston's La Cosa Nostra. During this time, "Bulger", "Flemmi" and others in the "Winter Hill Gang" were permitted to commit crimes of murder, intimidation and extortion without fear of any consequence. "Lindholm" was victimized by "Bulger" and "Flemmi" during the time that they were sheltered by the FBI and its agents.

## SECOND CAUSE OF ACTION

88.     This is an Action by the Plaintiff, David Lindholm, against the Defendant, Stephen J. Flemmi, for trespass to chattel and/or conversion.

## THIRD CAUSE OF ACTION

89.     This is an Action by the Plaintiff, David Lindholm, against the Defendant, Stephen J. Flemmi, for civil conspiracy.

## FOURTH CAUSE OF ACTION

90.     This is an Action by the Plaintiff, David Lindholm, against the Defendant, Stephen J. Flemmi, for false and improper arrest and imprisonment.

## FIFTH CAUSE OF ACTION

91.     This is an Action by the Plaintiff, David Lindholm, against the Defendant, Stephen J. Flemmi, for intentional infliction of emotional distress.

## SIXTH CAUSE OF ACTION

92.     This is an Action by the Plaintiff, David Lindholm, against the Defendant, Stephen J. Flemmi, for negligent infliction of emotional distress.

*COLUCCI,*
*COLUCCI &*
*MARCUS, P.C.*
552 Adams Street
Milton, Massachusetts 02186
Telephone: (617) 698-6000
Facsimile: (617) 698-1262

- 13 -

## SEVENTH CAUSE OF ACTION

93.     This is an Action by the Plaintiff, David Lindholm, against the Defendant, Stephen J. Flemmi, for invasion of privacy.

## EIGHTH CAUSE OF ACTION

94.     This is an Action by the Plaintiff, David Lindholm, against the Defendant, Stephen J. Flemmi, for harassment.

## NINTH CAUSE OF ACTION

95.     This is an Action by the Plaintiff, David Lindholm, against the Defendant, Stephen J. Flemmi, for assault.

## TENTH CAUSE OF ACTION

96.     This is an Action by the Plaintiff, David Lindholm, against the Defendant, Stephen J. Flemmi, for extortion.

## ELEVENTH CAUSE OF ACTION

97.     This is an Action by the Plaintiff, David Lindholm, against the Defendant, Stephen J. Flemmi, for fraud.

## TWELFTH CAUSE OF ACTION

98.     This is an Action by the Plaintiff, David Lindholm, against the Defendant, Stephen Flemmi, for violation of his civil rights.

## THIRTEENTH CAUSE OF ACTION

99.     This is an Action by the Plaintiff, David Lindholm, against the Defendant, John J. Connolly, Jr., for civil conspiracy.

## FOURTEENTH CAUSE OF ACTION

100.    This is an Action by the Plaintiff, David Lindholm, against the Defendant, John J. Connolly, Jr., for false and improper imprisonment.

## FIFTEENTH CAUSE OF ACTION

101.    This is an Action by the Plaintiff, David Lindholm, against the Defendant, John J. Connolly, Jr., for fraud.

*COLUCCI,*
*COLUCCI &*
*MARCUS, P.C.*
552 Adams Street
Milton, Massachusetts 02186
Telephone: (617) 698-6000
Facsimile: (617) 698-1262

- 14 -

## SIXTEENTH CAUSE OF ACTION

102.   This is an Action by the Plaintiff, David Lindholm, against the Defendant, John J. Connolly, Jr., for intentional infliction of emotional distress.

## SEVENTEENTH CAUSE OF ACTION

103.   This is an Action by the Plaintiff, David Lindholm, against the Defendant, John J. Connolly, Jr., for negligent infliction of emotional distress.

## EIGHTEENTH CAUSE OF ACTION

104.   This is an Action by the Plaintiff, David Lindholm, against the Defendant, John J. Connolly, Jr., for invasion of privacy.

## NINETEENTH CAUSE OF ACTION

105.   This is an Action by the Plaintiff, David Lindholm, against the Defendant, John J. Connolly, Jr., for harassment and extortion.

## TWENTIETH CAUSE OF ACTION

106.   This is an Action by the Plaintiff, David Lindholm, against the Defendant, John J. Connolly, Jr., for violation of his civil rights.

## TWENTY-FIRST CAUSE OF ACTION

107.   This is an Action by the Plaintiff, David Lindholm, against the Defendant, John M. Morris, for civil conspiracy.

## TWENTY-SECOND CAUSE OF ACTION

108.   This is an Action by the Plaintiff, David Lindholm, against the Defendant, John M. Morris, for false and improper imprisonment.

## TWENTY-THIRD CAUSE OF ACTION

109.   This is an Action by the Plaintiff, David Lindholm, against the Defendant, John M. Morris, for fraud.

## TWENTY-FOURTH CAUSE OF ACTION

110.   This is an Action by the Plaintiff, David Lindholm, against the Defendant, John M. Morris, for intentional infliction of emotional distress.

*COLUCCI,*
*COLUCCI &*
*MARCUS, P.C.*
552 Adams Street
Milton, Massachusetts 02186
Telephone: (617) 698-6000
Facsimile: (617) 698-1262

- 15 -

### TWENTY-FIFTH CAUSE OF ACTION

111. This is an Action by the Plaintiff, David Lindholm, against the Defendant, John M. Morris, for negligent infliction of emotional distress.

### TWENTY-SIXTH CAUSE OF ACTION

112. This is an Action by the Plaintiff, David Lindholm, against the Defendant, John M. Morris, for invasion of privacy.

### TWENTY-SEVENTH CAUSE OF ACTION

113. This is an Action by the Plaintiff, David Lindholm, against the Defendant, John M. Morris, for harassment and extortion.

### TWENTY-EIGHTH CAUSE OF ACTION

114. This is an Action by the Plaintiff, David Lindholm, against the Defendant, John M. Morris, for violation of his civil rights.

### TWENTY-NINTH CAUSE OF ACTION

115. This is an Action by the Plaintiff, David Lindholm, against the Defendant, Robert Fitzpatrick, for civil conspiracy.

### THIRTIETH CAUSE OF ACTION

116. This is an Action by the Plaintiff, David Lindholm, against the Defendant, Robert Fitzpatrick for false and improper imprisonment.

### THIRTY-FIRST CAUSE OF ACTION

117. This is an Action by the Plaintiff, David Lindholm, against the Defendant, Robert Fitzpatrick, for fraud.

### THIRTY-SECOND CAUSE OF ACTION

118. This is an Action by the Plaintiff, David Lindholm, against the Defendant, Robert Fitzpatrick, for intentional infliction of emotional distress.

### THIRTY-THIRD CAUSE OF ACTION

119. This is an Action by the Plaintiff, David Lindholm, against the Defendant, Robert Fitzpatrick, for negligent infliction of emotional distress.

*COLUCCI,*
*COLUCCI &*
*MARCUS, P.C.*
552 Adams Street
Milton, Massachusetts 02186
Telephone: (617) 698-6000
Facsimile: (617) 698-1262

- 16 -

## THIRTY-FOURTH CAUSE OF ACTION

120. This is an Action by the Plaintiff, David Lindholm, against the Defendant, Robert Fitzpatrick, for invasion of privacy.

## THIRTY-FIFTH CAUSE OF ACTION

121. This is an Action by the Plaintiff, David Lindholm, against the Defendant, Robert Fitzpatrick, for harassment and extortion.

## THIRTY-SIXTH CAUSE OF ACTION

122. This is an Action by the Plaintiff, David Lindholm, against the Defendant, Robert Fitzpatrick, for violation of his civil rights.

## THIRTY-SEVENTH CAUSE OF ACTION

123. This is an Action by the Plaintiff, David Lindholm, against the Defendant, James Ring, for civil conspiracy.

## THIRTY-EIGHTH CAUSE OF ACTION

124. This is an Action by the Plaintiff, David Lindholm, against the Defendant, James Ring, for false and improper imprisonment.

## THIRTY-NINTH CAUSE OF ACTION

125. This is an Action by the Plaintiff, David Lindholm, against the Defendant, James Ring, for fraud.

## FORTIETH CAUSE OF ACTION

126. This is an Action by the Plaintiff, David Lindholm, against the Defendant, James Ring, for intentional infliction of emotional distress.

## FORTY-FIRST CAUSE OF ACTION

128. This is an Action by the Plaintiff, David Lindholm, against the Defendant, James Ring, for negligent infliction of emotional distress.

## FORTY-SECOND CAUSE OF ACTION

129. This is an Action by the Plaintiff, David Lindholm, against the Defendant, James Ring, for invasion of privacy.

*COLUCCI,*
*COLUCCI &*
*MARCUS, P.C.*
552 Adams Street
Milton, Massachusetts 02186
Telephone: (617) 698-6000
Facsimile: (617) 698-1262

- 17 -

## FORTY-THIRD CAUSE OF ACTION

130.   This is an Action by the Plaintiff, David Lindholm, against the Defendant, James Ring, for harassment and extortion.

## FORTY-FOURTH CAUSE OF ACTION

131.   This is an Action by the Plaintiff,  David Lindholm, against the Defendant, James Ring, for violation of his civil rights.

## FORTY-FIFTH CAUSE OF ACTION

132.   This is an Action by the Plaintiff, David Lindholm, against the Defendant, James Greenleaf, for civil conspiracy.

## FORTY-SIXTH CAUSE OF ACTION

133.   This is an Action by the Plaintiff, David Lindholm, against the Defendant, James Greenleaf, for false and improper imprisonment.

## FORTY-SEVENTH CAUSE OF ACTION

134.   This is an Action by the Plaintiff, David Lindholm, against the Defendant, James Greenleaf, for fraud.

## FORTY-EIGHTH CAUSE OF ACTION

135.   This is an Action by the Plaintiff, David Lindholm, against the Defendant, James Greenleaf, for intentional infliction of emotional distress.

## FORTY-NINTH CAUSE OF ACTION

136.    This is an Action by the Plaintiff, David Lindholm, against the Defendant, James Greenleaf, for negligent infliction of emotional distress.

## FIFTIETH CAUSE OF ACTION

137.   This is an Action by the Plaintiff, David Lindholm, against the Defendant, James Greenleaf, for invasion of privacy.

## FIFTY-FIRST CAUSE OF ACTION

138.   This is an Action by the Plaintiff, David Lindholm, against the Defendant, James Greenleaf, for harassment and extortion.

*COLUCCI,*
*COLUCCI &*
*MARCUS, P.C.*
552 Adams Street
Milton, Massachusetts 02186
Telephone: (617) 698-6000
Facsimile: (617) 698-1262

- 18 -

### FIFTY-SECOND CAUSE OF ACTION

139.    This is an Action by the Plaintiff, David Lindholm, against the Defendant James Greenleaf, for violation of his civil rights.

### FIFTY-THIRD CAUSE OF ACTION

140.    This is an Action by the Plaintiff, David Lindholm, against the Defendant James Ahearn, for civil conspiracy.

### FIFTY-FOURTH CAUSE OF ACTION

150.    This is an Action by the Plaintiff, David Lindholm, against the Defendant James Ahearn, for false and improper imprisonment.

### FIFTY-FIFTH CAUSE OF ACTION

151.    This is an Action by the Plaintiff, David Lindholm, against the Defendant, James Ahearn, for fraud.

### FIFTY-SIXTH CAUSE OF ACTION

This is an Action by the Plaintiff, David Lindholm, against the Defendant, James Ahearn, for intentional infliction of emotional distress.

### FIFTY-SEVENTH CAUSE OF ACTION

152.    This is an Action by the Plaintiff, David Lindholm, against the Defendant, James Ahearn, for negligent infliction of emotional distress.

### FIFTY-EIGHTH CAUSE OF ACTION

153.    This is an Action by the Plaintiff, David Lindholm, against the Defendant, James Ahearn, for invasion of privacy.

### FIFTY-NINTH CAUSE OF ACTION

154.    This is an Action by the Plaintiff, David Lindholm, against the Defendant, James Ahearn, for harassment and extortion.

### SIXTIETH CAUSE OF ACTION

155.    This is an Action by the Plaintiff, David Lindholm, against the Defendant, James Ahearn, for violation of his civil rights.

*COLUCCI,*
*COLUCCI &*
*MARCUS, P.C.*
552 Adams Street
Milton, Massachusetts 02186
Telephone: (617) 698-6000
Facsimile: (617) 698-1262

- 19 -

## SIXTY-FIRST CAUSE OF ACTION

156.   This is an Action by the Plaintiff, David Lindholm, against the Defendant, United States of America, through their authorized agents, for civil conspiracy.

## SIXTY-SECOND CAUSE OF ACTION

157.   This is an Action by the Plaintiff, David Lindholm, against the Defendant United States of America, through their authorized agents, for false and improper imprisonment.

## SIXTY-THIRD CAUSE OF ACTION

158.   This is an Action by the Plaintiff, David Lindholm, against the Defendant, United States of America, through their authorized agents, for fraud.

## SIXTY-FOURTH CAUSE OF ACTION

159.   This is an Action by the Plaintiff, David Lindholm, against the Defendant, United States of America through their authorized agents, for intentional infliction of emotional distress.

## SIXTY-FIFTH CAUSE OF ACTION

160.   This is an Action by the Plaintiff, David Lindholm, against the Defendant, United States of America, through their authorized agents, for negligent infliction of emotional distress.

## SIXTY-SIXTH CAUSE OF ACTION

161.   This is an Action by the Plaintiff, David Lindholm, against the Defendant, United States of America, through their authorized agents, for invasion of privacy.

## SIXTY-SEVENTH CAUSE OF ACTION

162.   This is an Action by the Plaintiff, David Lindholm, against the Defendant, United States of America, through their authorized agents, for harassment.

## SIXTY-EIGHTH CAUSE OF ACTION

163.   This is an Action by the Plaintiff, David Lindholm, against the Defendant, United States of America, through their authorized agents, for violation of his civil rights.

## SIXTY-NINTH CAUSE OF ACTION

*COLUCCI,*
*COLUCCI &*
*MARCUS, P.C.*
552 Adams Street
Milton, Massachusetts 02186
Telephone: (617) 698-6000
Facsimile: (617) 698-1262

- 20 -

164.   This is an Action by the Plaintiff, David Lindholm, against the Defendant, United States of America, through their authorized agents, for extortion.

## SEVENTIETH CAUSE OF ACTION

165.   This is an Action by the Plaintiff, David Lindholm, against the Defendant, James Bulger, for civil conspiracy.

## SEVENTY-FIRST CAUSE OF ACTION

166.   This is an Action by the Plaintiff, David Lindholm, against the Defendant James Bulger, for false and improper imprisonment.

## SEVENTY-SECOND CAUSE OF ACTION

167.   This is an Action by the Plaintiff, David Lindholm, against the Defendant, James Bulger, for fraud.

## SEVENTY-THIRD CAUSE OF ACTION

168.   This is an Action by the Plaintiff, David Lindholm, against the Defendant, James Bulger, for intentional infliction of emotional distress.

## SEVENTY-FOURTH CAUSE OF ACTION

169.   This is an Action by the Plaintiff, David Lindholm, against the Defendant, James Bulger, for negligent infliction of emotional distress.

## SEVENTY-FIFTH CAUSE OF ACTION

170.   This is an Action by the Plaintiff, David Lindholm, against the Defendant, James Bulger, for invasion of privacy.

## SEVENTY-SIXTH CAUSE OF ACTION

171.   This is an Action by the Plaintiff, David Lindholm, against the Defendant, James Bulger, for harassment.

## SEVENTY-SEVENTH CAUSE OF ACTION

172.   This is an Action by the Plaintiff, David Lindholm, against the Defendant, James Bulger, for violation of his civil rights.

## SEVENTY-EIGHTH CAUSE OF ACTION

*COLUCCI,*
*COLUCCI &*
*MARCUS, P.C.*
552 Adams Street
Milton, Massachusetts 02186
Telephone: (617) 698-6000
Facsimile: (617) 698-1262

173.  This is an Action by the Plaintiff, David Lindholm, against the Defendant, James Bulger, for extortion.

### SEVENTY-NINTH CAUSE OF ACTION

174.  This is an Action by the Plaintiff, David Lindholm, against the Defendant, John Does 1-50, for civil conspiracy.

### EIGHTIETH CAUSE OF ACTION

175.  This is an Action by the Plaintiff, David Lindholm, against the Defendant John Does 1-50, for false and improper imprisonment.

### EIGHTY-FIRST CAUSE OF ACTION

176.  This is an Action by the Plaintiff, David Lindholm, against the Defendant, John Does 1-50, for fraud.

### EIGHTY-SECOND CAUSE OF ACTION

178.  This is an Action by the Plaintiff, David Lindholm, against the Defendant, John Does 1-50, for intentional infliction of emotional distress.

### EIGHTY-THIRD CAUSE OF ACTION

179.  This is an Action by the Plaintiff, David Lindholm, against the Defendant, John Does 1-50, for negligent infliction of emotional distress.

### EIGHTY-FOURTH CAUSE OF ACTION

180.  This is an Action by the Plaintiff, David Lindholm, against the Defendant, John Does 1-50, for invasion of privacy.

### EIGHTY-FIFTH CAUSE OF ACTION

181.  This is an Action by the Plaintiff, David Lindholm, against the Defendant, John Does 1-50, for harassment and extortion.

### EIGHTY-SIXTH CAUSE OF ACTION

182.  This is an Action by the Plaintiff, David Lindholm, against the Defendant, John Does 1-50, for violation of his civil rights.

*COLUCCI,*
*COLUCCI &*
*MARCUS, P.C.*
552 Adams Street
Milton, Massachusetts 02186
Telephone: (617) 698-6000
Facsimile: (617) 698-1262

- 22 -

## DEMANDS FOR RELIEF

183.    The Plaintiff demands judgment against the Defendant, in the amount of damages, with interest and costs, as to the First Cause of Action.

184.    The Plaintiff demands judgment against the Defendant in the amount of damages, with interest and costs, as to the Second Cause of Action.

185.    The Plaintiff demands judgment against the Defendant in the amount of damages, with interest and costs, as to the Third Cause of Action.

186.    The Plaintiff demands judgment against the Defendant in the amount of damages, with interest and costs, as to the Fourth Cause of Action.

187.    The Plaintiff demands judgment against the Defendant in the amount of damages, with interest and costs, as to the Fifth Cause of Action.

188.    The Plaintiff demands judgment against the Defendant in the amount of damages, with interest and costs, as to the Sixth Cause of Action.

189.    The Plaintiff demands judgment against the Defendant in the amount of damages, with interest and costs, as to the Seventh Cause of Action.

190.    The Plaintiff demands judgment against the Defendant in the amount of damages, with interest and costs, as to the Eighth Cause of Action.

191.    The Plaintiff demands judgment against the Defendant in the amount of damages, with interest and costs, as to the Ninth Cause of Action.

192.    The Plaintiff demands judgment against the Defendant in the amount of damages, with interest and costs, as to the Tenth Cause of Action.

193.    The Plaintiff demands judgment against the Defendant in the amount of damages, with interest and costs, as to the Eleventh Cause of Action.

194.    The Plaintiff demands judgment against the Defendant in the amount of damages, with interest and costs, as to the Twelfth Cause of Action.

195.    The Plaintiff demands judgment against the Defendant in the amount of damages, with interest and costs, as to the Thirteenth Cause of Action.

196.    The Plaintiff demands judgment against the Defendant in the amount of damages, with interest and costs, as to the Fourteenth Cause of Action.

197.    The Plaintiff demands judgment against the Defendant in the amount

*COLUCCI,*
*COLUCCI &*
*MARCUS, P.C.*
552 Adams Street
Milton, Massachusetts 02186
Telephone: (617) 698-6000
Facsimile: (617) 698-1262

- 23 -

of damages, with interest and costs, as to the Fifteenth Cause of Action/

198. The Plaintiff demands judgment against the Defendant in the amount of damages, with interest and costs, as to the Sixteenth Cause of Action.

199. The Plaintiff demands judgment against the Defendant in the amount of damages, with interest and costs, as to the Seventeenth Cause of Action.

200. The Plaintiff demands judgment against the Defendant in the amount of damages, with interest and costs, as to the Eighteenth Cause of Action.

201. The Plaintiff demands judgment against the Defendant in the amount of damages, with interest and costs, as to the Nineteenth Cause of Action.

202. The Plaintiff demands judgment against the Defendant in the amount of damages, with interest and costs, as to the Twentieth Cause of Action.

203. The Plaintiff demands judgment against the Defendant in the amount of damages, with interest and costs, as to the Twenty-First Cause of Action.

204. The Plaintiff demands judgment against the Defendant in the amount of damages, with interest and costs, as to the Twenty-Second Cause of Action.

205. The Plaintiff demands judgment against the Defendant in the amount of damages, with interest and costs, as to the Twenty-Third Cause of Action.

206. The Plaintiff demands judgment against the Defendant in the amount of damages, with interest and costs, as to the Twenty-Fourth Cause of Action.

207. The Plaintiff demands judgment against the Defendant in the amount of damages, with interest and costs, as to the Twenty-Fifth Cause of Action.

208. The Plaintiff demands judgment against the Defendant in the amount of damages, with interest and costs, as to the Twenty-Sixth Cause of Action

209. The Plaintiff demands judgment against the Defendant in the amount of damages, with interest and costs, as to the Twenty-Seventh Cause of Action

210. The Plaintiff demands judgment against the Defendant in the amount of damages, with interest and costs, as to the Twenty-Eighth Cause of Action.

211. The Plaintiff demands judgment against the Defendant in the amount of damages, with interest and costs, as to the Twenty-Ninth Cause of Action.

212. The Plaintiff demands judgment against the Defendant in the amount

*COLUCCI,*
*COLUCCI &*
*MARCUS, P.C.*
552 Adams Street
Milton, Massachusetts 02186
Telephone: (617) 698-6000
Facsimile: (617) 698-1262

- 24 -

of damages, with interest and costs, as to the Thirtieth Cause of Action.

213. The Plaintiff demands judgment against the Defendant in the amount of damages, with interest and costs, as to the Thirty-First Cause of Action.

214. The Plaintiff demands judgment against the Defendant in the amount of damages, with interest and costs, as to the Thirty-Second Cause of Action.

215. The Plaintiff demands judgment against the Defendant in the amount of damages, with interest and costs, as to the Thirty-Third Cause of Action.

216. The Plaintiff demands judgment against the Defendant in the amount of damages, with interest and costs, as to the Thirty-Fourth Cause of Action.

217. The Plaintiff demands judgment against the Defendant in the amount of damages, with interest and costs, as to the Thirty-Fifth Cause of Action.

218. The Plaintiff demands judgment against the Defendant in the amount of damages, with interest and costs, as to the Thirty-Sixth Cause of Action.

219. The Plaintiff demands judgment against the Defendant in the amount of damages, with interest and costs, as to the Thirty-Seventh Cause of Action.

220. The Plaintiff demands judgment against the Defendant in the amount of damages, with interest and costs, as to the Thirty-Eighth Cause of Action.

221. The Plaintiff demands judgment against the Defendant in the amount of damages, with interest and costs, as to the Thirty-Ninth Cause of Action.

222. The Plaintiff demands judgment against the Defendant in the amount of damages, with interest and costs, as to the Fortieth Cause of Action.

223. The Plaintiff demands judgment against the Defendant in the amount of damages, with interest and costs, as to the Forty-First Cause of Action.

224. The Plaintiff demands judgment against the Defendant in the amount of damages, with interest and costs, as to the Forty-Second Cause of Action.

225. The Plaintiff demands judgment against the Defendant in the amount of damages, with interest and costs, as to the Forty-Third Cause of Action.

226. The Plaintiff demands judgment against the Defendant in the amount of damages, with interest and costs, as to the Forty-Fourth Cause of Action.

227. The Plaintiff demands judgment against the Defendant in the amount

*COLUCCI,*
*COLUCCI &*
*MARCUS, P.C.*
552 Adams Street
Milton, Massachusetts 02186
Telephone: (617) 698-6000
Facsimile: (617) 698-1262

- 25 -

of damages, with interest and costs, as to the Forty-Fifth Cause of Action.

228.   The Plaintiff demands judgment against the Defendant in the amount of damages, with interest and costs, as to the Forty-Sixth Cause of Action.

229.   The Plaintiff demands judgment against the Defendant in the amount of damages, with interest and costs, as to the Forty-Seventh Cause of Action.

230.   The Plaintiff demands judgment against the Defendant in the amount of damages, with interest and costs, as to the Forty-Eighth Cause of Action.

231.   The Plaintiff demands judgment against the Defendant in the amount of damages, with interest and costs, as to the Forty-Ninth Cause of Action.

232.   The Plaintiff demands judgment against the Defendant in the amount of damages, with interest and costs, as to the Fiftieth Cause of Action.

233.   The Plaintiff demands judgment against the Defendant in the amount of damages, with interest and costs, as to the Fifty-First Cause of Action.

234.   The Plaintiff demands judgment against the Defendant in the amount of damages, with interest and costs, as to the Fifty-Second Cause of Action.

235.   The Plaintiff demands judgment against the Defendant in the amount of damages, with interest and costs, as to the Fifty-Third Cause of Action.

236.   The Plaintiff demands judgment against the Defendant in the amount of damages, with interest and costs, as to the Fifty-Fourth Cause of Action.

237.   The Plaintiff demands judgment against the Defendant in the amount of damages, with interest and costs, as to the Fifty-Fifth Cause of Action.

238.   The plaintiff demands judgment against the Defendant in the amount of damages, with interest and costs, as to the Fifty-Sixth Cause of Action.

239.   The Plaintiff demands judgment against the Defendant in the amount of damages, with interest and costs, as to the Fifty-Seventh Cause of Action.

240.   The Plaintiff demands judgment against the Defendant in the amount of damages, with interest and costs, as to the Fifty-Eighth Cause of Action.

241.   The Plaintiff demands judgment against the Defendant in the amount

*COLUCCI, COLUCCI & MARCUS, P.C.*
552 Adams Street
Milton, Massachusetts 02186
Telephone: (617) 698-6000
Facsimile: (617) 698-1262

- 26 -

of damages, with interest and costs, as to the Fifty-Ninth Cause of
Action.

242.    The Plaintiff demands judgment against the Defendant in the amount
of damages, with interest and costs, as to the Sixtieth Cause of Action.

243.    The Plaintiff demands judgment against the Defendant in the amount
of damages, with interest and costs, as to the Sixty-first Cause of Action.

244.    The Plaintiff demands judgment against the Defendant in the amount
of damages, with interest and costs, as to the Sixty-Second Cause of Action.

245.    The Plaintiff demands judgment against the Defendant in the amount
of damages, with interest and costs, as to the Sixty-Third Cause of Action.

246.    The Plaintiff demands judgment against the Defendant in the amount
of damages, with interest and costs, as to the Sixty-Fourth Cause of Action.

250.    The Plaintiff demands judgment against the Defendant in the amount
of damages, with interest and costs, as to the Sixty-Fifth Cause of Action.

251.    The plaintiff demands judgment against the Defendant in the amount
of damages, with interest and costs, as to the Sixty-Sixth Cause of Action.

252.    The Plaintiff demands judgment against the Defendant in the amount
of damages, with interest and costs, as to the Sixty-Seventh Cause of
Action.

252.    The Plaintiff demands judgment against the Defendant in the amount
of damages, with interest and costs, as to the Sixty-Eighth Cause of
Action.

253.    The Plaintiff demands judgment against the Defendant in the amount
of damages, with interest and costs, as to the Sixty-Ninth Cause of
Action.

254.    The Plaintiff demands judgment against the Defendant in the amount
of damages, with interest and costs, as to the Seventieth Cause of Action.

255.    The Plaintiff demands judgment against the Defendant in the amount
of damages, with interest and costs, as to the Seventy-first Cause of Action.

256.    The Plaintiff demands judgment against the Defendant in the amount
of damages, with interest and costs, as to the Seventy-Second Cause of Action.

COLUCCI,
COLUCCI &
MARCUS, P.C.
552 Adams Street
Milton, Massachusetts 02186
Telephone: (617) 698-6600
Facsimile: (617) 698-1262

257.   The Plaintiff demands judgment against the Defendant in the amount of damages, with interest and costs, as to the Seventy-Third Cause of Action.

258.   The Plaintiff demands judgment against the Defendant in the amount of damages, with interest and costs, as to the Seventy-Fourth Cause of Action.

259.   The Plaintiff demands judgment against the Defendant in the amount of damages, with interest and costs, as to the Seventy-Fifth Cause of Action.

260.   The plaintiff demands judgment against the Defendant in the amount of damages, with interest and costs, as to the Seventy-Sixth Cause of Action.

261.   The Plaintiff demands judgment against the Defendant in the amount of damages, with interest and costs, as to the Seventy-Seventh Cause of Action.

262.   The Plaintiff demands judgment against the Defendant in the amount of damages, with interest and costs, as to the Seventy-Eighth Cause of Action.

263.   The Plaintiff demands judgment against the Defendant in the amount of damages, with interest and costs, as to the Seventy-Ninth Cause of Action.

264.   The Plaintiff demands judgment against the Defendant in the amount of damages, with interest and costs, as to the Eightieth Cause of Action.

265.   The Plaintiff demands judgment against the Defendant in the amount of damages, with interest and costs, as to the Eighty-first Cause of Action.

266.   The Plaintiff demands judgment against the Defendant in the amount of damages, with interest and costs, as to the Eighty-Second Cause of Action.

267.   The Plaintiff demands judgment against the Defendant in the amount of damages, with interest and costs, as to the Eighty-Third Cause of Action.

268.   The Plaintiff demands judgment against the Defendant in the amount of damages, with interest and costs, as to the Eighty-Fourth Cause of Action.

**PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES PRESENTED.**

*COLUCCI,*
*COLUCCI &*
*MARCUS, P.C.*
552 Adams Street
Milton, Massachusetts 02186
Telephone: (617) 698-6000
Facsimile: (617) 698-1262

- 28 -

## **VERIFICATION**

I, David Lindholm, hereby certify that the facts contained in this Verified Complaint are based upon my personal knowledge and are true and accurate to the best of my belief.

David Lindholm

The Commonwealth of Massachusetts

Norfolk , ss.                                    Date: July 16, 2003

Then personally appeared the above named David Lindholm and acknowledged the foregoing instrument to be his free act and deed before me.

Notary Public

My commission expires:

CYNTHIA WHALEN
Notary Public
My Commission Expires
July 11, 2008

Respectfully Submitted,
For The Plaintiff,
David Lindholm

By his Attorney,

Dino M. Colucci, Esq., BBO#552331

*COLUCCI,*
*COLUCCI &*
*MARCUS, P.C.*
552 Adams Street
Milton, Massachusetts 02186
Telephone: (617) 698-6000
Facsimile: (617) 698-1262

- 27 -